Craig Lewis
craig@blilielaw.com
235 Lincoln Road, Suite 310
Miami Beach FL 33139
786-490-6045
Admitted Pro Hac Vice

*Attorney for Plaintiff Northsight Management, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| NORTHSIGHT MANAGEMENT, LLC,<br><br>  Plaintiff(s),<br><br>vs.<br><br>US HOME RENTALS LLC,<br><br>  Defendant(s). | CASE NO. _____<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND ACCOUNT STATED** |

The Plaintiff, Northsight Management, LLC, sues the Defendant, US Home Rentals LLC, and states:

**PARTIES**

1. The Plaintiff is a Texas limited liability company with offices in Maricopa County, Arizona. The Plaintiff's Members are citizens of Arizona; none of them are citizens of New York.

2. The Defendant is a Delaware limited liability company that upon information and belief, including publicly available information, is a wholly owned subsidiary of FTE Networks, Inc., a Delaware corporation with its principal place of business located in New York.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the suit is between citizens of different states (the Plaintiff a citizen of Arizona and the Defendant a citizen of New York).

4. Venue is proper in this district under 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because the contract that is the subject of this complaint calls for exclusive venue and jurisdiction in the District Court of Arizona.

**GENERAL ALLEGATIONS**

5. The Plaintiff is a field service management company that through a network of vendor subcontractors arranges for property preservation and renovation services in connection with properties that are bank owned or in foreclosure.

6. The Defendant is a self-professed major owner and operator of a portfolio of US rental home properties, including bank-owned properties.

7. The Plaintiff and the Defendant entered into a valid written contract under which the Plaintiff agreed to arrange for property preservation, property rehabilitation, or renovation services concerning certain properties over which the Defendant had ownership or control. A true and correct copy of the contract is attached hereto and incorporated herein as Exhibit 1. Paragraph 6.6 of the contract calls for exclusive jurisdiction in the District Court of Arizona and applies Arizona law.

8. The Plaintiff arranged for services at properties over which the Defendant had ownership or control, at the Defendant's specific request. The services were provided and paid for by the Plaintiff, and the Plaintiff submitted invoices to the Defendant for payment of the agreed-upon amounts. Payment was due at the Plaintiff's place of business in Arizona.

9. Spreadsheets detailing the invoices sent to the Defendant, the total amount thereof, and the amount currently owed for each invoice are attached hereto and incorporated herein as Exhibits 2 and 3. The invoices themselves contain information that may be protected by state and federal privacy law and are therefore not attached, but each was sent to the Defendant and received by the Defendant in due course after the services were provided but before this lawsuit was initiated.

10. The Defendant paid the Plaintiff in full for some of the invoices at issue and in part for some of the others, but without legal excuse or justification, the Defendant failed to pay the Plaintiff the full amount invoiced, resulting in a principal balance owed to the Plaintiff by the Defendant of **$986,668.12** exclusive of interest, fees, and costs. Specifically:

a. For the properties listed on Exhibit 2, the Defendant accepted the Plaintiff's services, and, after receipt of the invoices, did not object to the invoices in the manner and time frame called for in the parties' contract, thereby waiving any challenge to these amounts and resulting in a balance owed of $758,204.07.

b. For the properties listed on Exhibit 3, the Defendant accepted the Plaintiff's services, and, after receipt of the invoices raised issues that it has categorized as 'warranty claims,' but the contract's warranty procedure (Section 1.3) does not excuse payment based on the potential or actual existence of warranty claims, and instead contemplates the Plaintiff providing only a limited warranty with specific remedies *after* payment. For these properties, the Defendant waived the ability to raise warranty claims by failing to pay and by failing to comply with the warranty procedures set forth in the contract and waived any right to challenge the invoices by failing to object to the invoices in the manner and time frame called for in the contract, resulting in a balance owed of $228,464.05.

11. The Defendant's refusal to pay the amounts owed to the Plaintiff is intentional and constitutes willful misconduct, and the Defendant agreed in the contract to indemnify the Plaintiff for losses incurred by the Plaintiff resulting therefrom.

12. The Plaintiff has satisfied all conditions precedent to bringing and maintaining this action, or those conditions have otherwise occurred or been waived or excused.

13. The Plaintiff has been forced by the Defendant's actions to pay the undersigned a reasonable fee for representing the Plaintiff in this matter.

///

///

NORTHSIGHT MANAGEMENT, LLC V. US HOME RENTALS LLC                COMPLAINT
PAGE 3 OF 5

## COUNT I - BREACH OF CONTRACT

The Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-13 above as if fully set forth herein, and further alleges:

14. Exhibit 1 is a valid enforceable contract between the Plaintiff and the Defendant.

15. The Plaintiff performed its duties under the contract and provided services in connection with various properties owned or controlled by the Defendant.

16. The Defendant materially breached the contract by failing to pay the Plaintiff and by failing to indemnify the Plaintiff for losses incurred due to the Defendant's willful misconduct.

17. The Plaintiff has been damaged as a result of the Defendant's material breaches.

18. The Plaintiff is entitled to an award of attorney's fees incurred in bringing and maintaining this action from the Defendant under Section 5.3 of the contract.

## COUNT II - ACCOUNT STATED

The Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-13 above as if fully set forth herein, and further alleges:

19. Before the institution of this action, the Plaintiff and the Defendant had business transactions between them and they agreed to the resulting balance.

20. The Plaintiff rendered a statement of the account to the Defendant and the Defendant did not object to the statement.

21. The Defendant owes the Plaintiff $758,204.07 plus interest on the account.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court enter judgment against the Defendant as follows:

A. For Plaintiff's damages for breach of contract and account stated;

B. For contractual indemnification from the Defendant for the losses the Plaintiff incurred under Section 5.3 of the contract;

C. For Plaintiff's costs and attorney's fees incurred in pursuing this claim;

D. For pre- and post- judgment interest to the extent provided by law; and

E. For such further relief as the Court deems just and fair.

By: /s/ Craig Lewis
CRAIG R. LEWIS

*Attorney for Northsight Management, LLC*