**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Northsight Management LLC, | No. CV-21-01345-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| US Home Rentals LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff Northsight Management LLC's ("Plaintiff") Motion for Entry of Default Judgment against Defendant US Home Rentals LLC ("USHR") (Doc. 14). The Motion is unopposed, and the time in which to file a response has passed. *See* LRCiv 7.2(c).

**I.   Background**

Plaintiff filed its Complaint on August 3, 2021, against USHR for breach of contract. (Doc. 1). Plaintiff's Complaint alleges as a basis for subject matter jurisdiction a complete diversity of citizenship between the parties. (*Id.* at ¶ 3). Specifically, Plaintiff states that it "is a Texas limited liability company with offices in Maricopa County, Arizona [and] [t]he Plaintiff's Members are citizens of Arizona; none of them are citizens of New York." (*Id.* at ¶ 1). Plaintiff also states that "[t]he Defendant is a Delaware limited liability company that upon information and belief, including publicly available information, is a wholly owned subsidiary of FTE Networks, Inc., a Delaware corporation with its principal place of business located in New York." (*Id.* at ¶ 2). Plaintiff thus concludes, "[t]his Court

has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the suit is between citizens of different states (the Plaintiff a citizen of Arizona and the Defendant a citizen of New York)." (*Id.* at ¶ 3).

Notwithstanding these allegations, the Court finds clarification on subject matter jurisdiction is required because Plaintiff's Complaint does not sufficiently allege complete diversity of citizenship.

## II.     Subject Matter Jurisdiction

28 U.S.C. § 1332(a)(1) grants federal courts diversity jurisdiction in cases between "citizens of different States." For complete diversity of citizenship to exist under 28 U.S.C. § 1332(a), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613 (9th Cir. 2016) (citation omitted).

Relevant here is the citizenship of USHR's members. A limited liability company "is a citizen of every state of which its owners/members are citizens," not the state in which it was formed or does business. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's Complaint asserts diversity jurisdiction under 28 U.S.C. § 1332 but does not allege the citizenship of USHR's members or confirm none of them are citizens of Arizona. *See Weeping Hollow Ave. Tr.*, 831 F.3d at 1112 (a federal court may exercise diversity jurisdiction "only if there is no plaintiff and no defendant who are citizens of the same State"). Plaintiff states that USHR "is a Delaware limited liability company" that "is a wholly owned subsidiary of FTE Networks, Inc., a Delaware corporation with its principal place of business in New York." (Doc. 1 at ¶ 2). As alleged, Plaintiff's Complaint concerning the citizenship of USHR's members falls short of demonstrating that the Court has subject matter jurisdiction.

Thus, to determine whether it has subject matter jurisdiction in this action, the Court orders Plaintiff to establish, by affidavit, the citizenship of USHR's members to this action

for diversity purposes. Plaintiff shall file its affidavit regarding the citizenship of USHR's members on or before February 23, 2022. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. In the absence of such jurisdiction, however, the Court will dismiss the action without prejudice. The Court will accordingly defer a decision on the pending motion for Default Judgment until the existence of the Court's subject matter jurisdiction is confirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the Application for Default Judgment (Doc. 14) is **stayed**.

**IT IS FURTHER ORDERED** that Plaintiff shall file its affidavit regarding the citizenship of USHR's members on or before **February 23, 2022**.

Dated this 9th day of February, 2022.

Honorable Diane J. Humetewa
United States District Judge